UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARISE NICHELLE ALLEN,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>Defendant. | Case No. 17-cv-03384-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EAJA ATTORNEYS' FEES**<br><br>Re: Dkt. No. 33 |

Before the court is plaintiff Sharise Nichelle Allen's motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docket No. 33. Having considered the papers submitted, the Court hereby GRANTS IN PART and DENIES IN PART plaintiff's motion.

**BACKGROUND**

In January 2013, plaintiff applied for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Dkt. No. 12, Administrative Record ("AR") at 20, 91-92. She alleged a disability onset date of December 7, 2012. *Id.* at 20. Her applications were denied originally and upon reconsideration. *Id.* at 102, 112, 125, 138. Plaintiff's applications were then heard by Administrative Law Judge ("ALJ") K. Kwon at a hearing on June 15, 2015. *Id.* at 20. The ALJ denied plaintiff's claims in a decision dated August 28, 2015. *Id.* at 17.

The Appeals Council denied review of plaintiff's claims on March 7, 2017, rendering ALJ Kwon's denial the final decision of the Commissioner. *See id.* at 7-9. Plaintiff then filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

1    Dkt. No. 1. Plaintiff moved for summary judgment, seeking an order of remand for immediate
2    payment of benefits or, in the alternative, remand for further proceedings. Dkt. No. 25. The
3    government filed a cross-motion for summary judgment, arguing that the ALJ's decision was
4    supported by substantial evidence and that the Court should affirm. Dkt. No. 28 at 21. In the
5    event the Court reversed the ALJ's decision, the government argued that the proper remedy was
6    remand for further proceedings rather than for an award of benefits. *Id.*

On September 11, 2018, this Court reversed the decision of the Commissioner and remanded the case, finding that the ALJ: (1) failed to provide clear and convincing reasons supported by substantial evidence for discounting the opinion of treating physician Dr. Lau; (2) lacked substantial evidence to support the conclusion that plaintiff's kidney-related systemic lupus erythematosus "had largely resolved" as of July 2013; and (3) rejected the credibility of plaintiff's testimony based on insufficient grounds. Dkt. No. 30. The Court disagreed with plaintiff's argument that the ALJ erroneously failed to analyze medical equivalence at step three of the five-step disability inquiry but ordered upon remand that the ALJ should reevaluate step three and, if needed, reevaluate plaintiff's residual functional capacity ("RFC") and step five. *Id.* The Court entered judgment on September 11, 2018. Dkt. No. 31.

On December 10, 2018, plaintiff timely filed the current application for attorneys' fees and expenses under the EAJA, 28 U.S.C. § 2412(d). Dkt. No. 33. She requested $13,585.97 in attorneys' fees and $25.00 in expenses. *Id.* at 1. Plaintiff filed her reply brief on January 22, 2019, and requests an additional $602.42 in fees for researching and drafting the reply brief. *See* Dkt. No. 38-1 at 3. The government argues that the Court should deny plaintiff's motion because the actions of the Commissioner were substantially justified and also argues that plaintiff's fee request is unreasonable. Dkt. No. 37 at 2.

**LEGAL STANDARD**

Under section 2412(d) of the EAJA, reasonable attorneys' fees and expenses may be awarded to the prevailing party in a civil action against the United States, including a proceeding for judicial review of an agency action. *See* 28 U.S.C. § 2412(d). The plaintiff is entitled to

2

attorneys' fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *See id.* § 2412(d)(1)(A). The Supreme Court has defined "substantially justified" as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person," or having a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The language of the EAJA creates a presumption in favor of awarding attorneys' fees, and therefore the burden of establishing substantial justification is on the government. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001); *United States v. 313.34 Acres of Land, More or Less, Situated in Jefferson Cty., State of Wash.*, 897 F.2d 1473, 1477 (9th Cir. 1989).

An award of attorneys' fees under the EAJA should include only the hours "reasonably expended on the litigation." *Sorensen v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A district court may reduce the award if time spent on the appeal obtained only limited results. *See Atkins v. Apfel*, 154 F.3d 986, 990 (9th Cir. 1998) (finding that the district court abused its discretion in failing to consider the results obtained). However, a plaintiff who has achieved success should normally recover a full fee, even if the court rejected some of the claims raised in the lawsuit. *Sorensen*, 239 F.3d at 1147. EAJA fees for a successful action should also include the reasonable costs of litigating the fee award. *Commissioner, INS v. Jean*, 496 U.S. 154, 166 (1990).

**DISCUSSION**

**I. Whether the Commissioner's Position Was Substantially Justified**

The government does not dispute that plaintiff was the prevailing party in her appeal to this Court, nor does the government argue that special circumstances make an award unjust here. The question is whether the position of the United States was substantially justified. In determining whether substantial justification exists, the court must "first consider the underlying agency action," that is, "the decision of the ALJ. We then consider the government's litigation position." *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013).

The Court finds that the decision of the ALJ was not substantially justified. In *Meier*, the

Ninth Circuit reversed the district court's denial of an EAJA fee request, following that court's reversal and remand of the underlying Social Security appeal for an award of benefits. The Ninth Circuit had previously found the ALJ failed to offer specific and legitimate reasons, supported by substantial evidence, for rejecting the opinion of the claimant's treating physician that the claimant was incapable of working. 727 F.3d at 872. The court had also found "the ALJ failed to offer clear and convincing reasons, supported by substantial evidence, for discounting Meier's subjective pain testimony." *Id.* (citation omitted). The *Meier* court explained that the "substantial evidence standard of review" that it earlier used in analyzing the ALJ's decision bore "significant similarity [to] the substantial justification standard" applied to EAJA fee motions. *Id.* For that reason, the Ninth Circuit "and other circuits have held that a 'holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified." *Id.* (citations omitted). Only in a "decidedly unusual case" would there be "substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Id.* (citations omitted).

No such unusual case is presented here.[1] The government's argument opposing the fee motion restates arguments already presented, and which the Court rejected, when it denied the government's cross-motion for summary judgment. The Court remanded the previous appeal with an order that the ALJ: reweigh the credibility of plaintiff's symptom testimony, reweigh the opinion of treating physician Dr. Lau, revisit step three for an evaluation whether plaintiff met Listing 14.02, and revisit the RFC finding and step five if necessary. Docket No. 30 at 24-25. In light of the numerous errors the Court found, all evaluated through the lens of whether substantial evidence supported the ALJ's decision, the Court finds that the government's underlying action

---

[1] By contrast, in *Campbell v. Astrue*, 736 F.3d 867 (9th Cir. 2013), the ALJ needed to determine whether the claimant was disabled by June 30, 1996, but had medical records only from 1989 and 2000. The task of extrapolating from those records whether the claimant "was disabled in the *past*" rendered the case "one of the 'unusual' cases where attorneys' fees should not be awarded under the EAJA." 736 F.3d at 869. The *Campbell* court found the ALJ's decision, though erroneous, was substantially justified, and denied the claimant's request for EAJA fees. *Id.* at 868-69.

4

was not substantially justified. *See Meier*, 727 F.3d at 872-73; *see also Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008) (finding the government's defense of the ALJ's errors was not substantially justified where the court reversed the ALJ's decision for, among other reasons, failing to provide clear and convincing reasons for discrediting the claimant's subjective complaints and for rejecting a treating physician's opinion in favor of non-treating physician's opinion without providing clear and convincing reasons).

Because "[t]he government's position must be substantially justified at each stage of the proceedings[,]" and because the government's position in the underlying action was not substantially justified, the Court need not additionally evaluate the government's position in defending this action. *See Shafer*, 518 F.3d at 1071 (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)); *see also Meier*, 727 F.3d at 872 ("Because the government's underlying position was not substantially justified, we need not address whether the government's litigation position was justified."). Nor is the Court persuaded that plaintiff's fees should be reduced or disallowed on the basis that the Court did not agree with all of plaintiff's arguments, such as the argument that the ALJ erroneously failed to analyze medical equivalence at step three. "A district court may, in its discretion, make deductions on" the basis of limited success, but the Court finds that such a deduction is not warranted in this case, where the plaintiff obtained an order for remand based on numerous errors by the ALJ and with instructions that the ALJ reweigh plaintiff's symptom testimony and treating physician testimony, and revisit step three, the RFC finding, and step five. *See Sorensen*, 239 F.3d at 1147.

The Court finds plaintiff is entitled to fees under the EAJA.

## II.     Reasonableness of Fee Request

The government next argues that plaintiff's fee request is unreasonable. The government states plaintiff spent excessive time on certain tasks, such as 8.5 hours spent before the issuance of the summons and six hours spent researching a possible "sentence six" remand under 42 U.S.C.

5

§ 405(g) that plaintiff did not ultimately obtain.[2] The government also argues that plaintiff's counsel's practice of block billing her time "thwarts the Court's ability to determine whether hours claimed were reasonable." Docket No. 37 at 8.

The Court has reviewed the timesheets plaintiff's counsel provided in her declarations, *see* Docket Nos. 33-1 & 38-1, and does not find that the time billed is per se unreasonable or excessive. The administrative record in this case totaled roughly 2,000 pages, and counsel needed to familiarize herself with the case, as she did not represent plaintiff at the administrative level. Nor does plaintiff's counsel bill for noncompensable administrative tasks, as the government suggests. Mindful that courts "should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case[,]'" the Court declines to reduce plaintiff's fee request based on a finding that any of the specific instances the government identifies are themselves excessive. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1126 (9th Cir. 2012) (per curiam) (quoting *Moreno v. City of Sacramento*, 543 F.3d 1106, 1112 (9th Cir. 2008)).

The Court has concern, however, with plaintiff's counsel's practice of block billing. Although "block billing" typically refers to "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks[,]" here plaintiff's counsel has gone a step further and has grouped her work across entire weeks and months into a single time entry. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)). For instance, plaintiff billed 6.0 hours for work

---

[2] Sentence six allows for remand "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g). Plaintiff's counsel states that she "requested Defense counsel consider a 'sentence six' remand based on nearly 1900 pages of updated 'new and material' treatment records detailing Ms. Allen's sudden decline in health requiring multiple hospitalizations; continuing dialysis and the possibility of a kidney transplant during the MSJ research and drafting process" but that defense counsel declined to agree to a remand. Docket No. 38-1, Am. Decl. of Dolly Trompeter ¶ 3. Plaintiff's counsel ultimately decided not to submit the new and material evidence with a sentence six remand motion because counsel had already "identified multiple instances of legal error which would likely merit a sentence four remand by the Court . . . ." Docket No. 38 at 6.

6

performed in her first/initial review of the case (the tasks of which she describes in further detail) from March 24, 2017, to June 12, 2017. Trompeter Am. Decl. at 2. She billed 25.0 hours for drafting and submitting her motion for summary judgment from April 4 to 26, 2018. *Id.* This method of time-keeping prevents the Court from discerning whether time spent on certain tasks was duplicative or excessive. Plaintiff's counsel does not say whether she has more detailed time records that she can provide, so rather than cause delay and send this motion back to plaintiff for further detail that she may not even have, the Court finds that an across-the-board reduction is appropriate. *See Welch*, 480 F.3d at 948 ("We do not quarrel with the district court's authority to reduce hours that are billed in block format. . . . [B]lock billing makes it more difficult to determine how much time was spent on particular activities.").[3] The Court will reduce plaintiff's fee request by 5%, for a fee award of $13,478.97. The government does not object to plaintiff's request for $25.00 in copying costs, and the Court will award these expenses as reasonable.

### III. Direct Payment of EAJA Attorneys' Fees

Finally, the parties dispute: (1) who should receive the fee award—plaintiff or her counsel—and (2) whether payment of the award directly to counsel is within the government's discretion. The government requests that "the Court specify that payment is to Plaintiff[,]" in light of the Anti-Assignment Act, codified at 31 U.S.C. § 3727, and the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010). Docket No. 37 at 10. Plaintiff argues that, because plaintiff assigned her right to EAJA fees to her counsel, "[a]ny EAJA fees awarded must be payable to the attorney" so long as plaintiff does not have a federal debt subject to offset. Docket No. 38 at 9-10.

In *Ratliff*, the Supreme Court held that the plain language of the statute makes EAJA fee

---

[3] The Court notes that in *Welch*, the Ninth Circuit held it was an abuse of discretion for the district court to reduce the fee request by 20% across-the-board due to block billing, where only about half of the time was block billed. 480 F.3d at 948. Here, although Plaintiff does not block bill for each task for which she bills, the block billing accounts for the large majority of her overall hours. Further, the Ninth Circuit has stated that an across-the-board "reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion" is permissible. *See Costa*, 690 F.3d at 1136 (citing *Moreno*, 534 F.3d at 1112).

awards payable to the litigant as the prevailing party rather than directly to the attorney. 560 U.S. at 593. As such, the fee awards are subject "to a federal administrative offset if the litigant has outstanding federal debts." *Id.* "Nevertheless, courts in this district have concluded that *Ratliff* does not prevent payment of a fee award directly to the attorney if there has been a valid assignment and the plaintiff does not owe a debt to the government." *Valle v. Berryhill*, No. 16-cv-2358-JSC, 2018 WL 1449414, at *3 (N.D. Cal. Jan. 18, 2018) (collecting cases). On this much the parties here seem to agree. *See* Docket No. 37 at 10 (government arguing that, "If Plaintiff does not owe a government debt that must be offset, then payment may be made in the name of the attorney based on the government's discretionary waiver of the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727"); Docket No. 38 at 10 (plaintiff arguing that "the general practice of the Courts is to award EAJA fees to the attorney if there is an assignment and no federal debt"). Plaintiff's counsel has filed a declaration stating that "Ms. Allen assigned fees to the undersigned attorney in a written agreement[,]" and the government does not challenge this assignment as invalid. *See* Trompeter Am. Decl. ¶ 8.

The dispute then, is whether payment of the fees directly to plaintiff's counsel is within the government's discretion if plaintiff owes no federal debt. The Anti-Assignment Act governs an "assignment of any part of a claim against the United States Government or of an interest in the claim[.]" 31 U.S.C. § 3727(a). "Under the plain terms of the Act, a claim against the United States may not be assigned to a third party unless these technical requirements are met." *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015). However, because the technical requirements of the Act are today "obsolete," "in modern practice . . . the Government has the power to pick and choose which assignments it will accept and which it will not." *Id.* at 1169-70. The Ninth Circuit has explained that "[a]lthough this state of affairs may diverge sharply from what Congress intended when it enacted the Anti-Assignment Act, it is not for us to rewrite the statute or decline to enforce it . . . ." *Id.* at 1170. Accordingly, some courts have specified that when a plaintiff who has won EAJA fees assigns the right to those fees to counsel, payment may be directed to counsel subject to any offset of federal debt and subject to the government's discretionary waiver of the requirements of the Anti-Assignment Act. In fact, the case that plaintiff quotes in her reply brief

8

did just that, though plaintiff omitted the relevant language. *See* Docket No. 38 at 10 (citing *Alvarado v. Comm'r of Soc. Sec.*, No. 17-cv-526-EPG, 2018 WL 3469064 (E.D. Cal. July 16, 2018)). That order reads, in relevant part, "In light of the discretionary authority of the government to accept or not accept an assignment, the Court finds it appropriate to order the EAJA fees be made payable directly to Plaintiff's counsel**, subject to any government debt offset and subject to the government's waiver of the requirements under the Anti-Assignment Act.**" *Alvarado*, 2018 WL 3469064, at *4 (emphasis added); *see also Yesipovitch v. Colvin*, 166 F. Supp. 3d 1000, 1011 (N.D. Cal. 2015) (Alsup, J.) ("[T]his order holds EAJA fees may be paid directly to plaintiff's counsel, subject to any government debt offset and subject to the government's waiver of the requirements under the Anti-Assignment Act.").

Accordingly, the Court orders that payment of plaintiff's attorneys' fees and expenses under the EAJA be made directly to plaintiff's counsel, subject to any government debt offset and subject to the government's waiver of the requirements of the Anti-Assignment Act.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion for EAJA attorneys' fees and expenses. The final award under the EAJA shall be $13,478.97 in attorneys' fees and $25.00 in expenses. Payment shall be made directly to plaintiff's counsel, subject to any government debt offset and subject to the government's waiver of the requirements of the Anti-Assignment Act.

**IT IS SO ORDERED.**

Dated: January 28, 2019

SUSAN ILLSTON
United States District Judge